```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALVIN WASHINGTON              :    CIVIL ACTION
                              :
          v.                  :
                              :
JUSTIN BODER, et al.          :    NO. 14-4972
```

# M E M O R A N D U M

SÁNCHEZ, J.                                                       AUGUST 2ND, 2016

    Plaintiff was given leave to file an amended complaint by Order dated September 25, 2014 (Document No. 6). He has submitted an amended complaint (Document No. 13) in which he is raising claims under 42 U.S.C. § 1983 against the District Attorney for Reading, Pennsylvania and an assistant District Attorney, the County of Berks, the Chief of Police for Reading, Pennsylvania and a Reading police officer, the Mayor of Reading and the City of Reading. Plaintiff has removed Attorney General Kathleen Kane from the list of his defendants. He alleges that he was the victim of an illegal eviction and a malicious prosecution.

    For the following reasons, all of plaintiff's claims, except his claims against Assistant District Attorney Justin Boder and Officer Adam Joseph Hoffman for an illegal eviction, will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

    Municipal liability cannot be imposed absent an allegation that unlawful actions were taken pursuant to a municipality's policies, practices, customs, regulations or enactments. <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978). There is no such allegation in the present

complaint. Therefore, the claims against the County of Berks and the City of Reading will be dismissed.

Plaintiff's claims against District Attorney John T. Adams, Chief of Police William Hiem and Mayor Vaughn D. Spencer will also be dismissed. The mere fact that these defendants have supervisory responsibilities is insufficient to state a colorable constitutional violation as there is no <u>respondeat superior</u> liability in § 1983 cases. <u>Hampton v. Holmesburg Prison Officials</u>, 546 F.2d 1077, 1082 (3d Cir. 1976).

Plaintiff's claim that he is the victim of a malicious prosecution must also be dismissed. In order, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). Plaintiff is seeking damages for constitutional violations that, if proven, would necessarily render his conviction and related imprisonment invalid, and he does not allege, and it does not appear from the complaint, that his conviction was overturned or otherwise invalidated.

Finally, plaintiff's claims against Assistant District Attorney Justin Boder for malicious prosecution will also be

dismissed because a prosecutor is absolutely immune from liability for money damages under § 1983 for acts "within the scope of his duties in initiating and pursuing a criminal prosecution."  <u>Imbler v. Pachtman</u>, 424 U.S. 409, 410 (1976).